# IN THE CIRCUIT COURT FOR ROANE COUNTY, TENNESSEE

JACKIE VOYLES,          )
)
      Plaintiff,         )
)
v.                      )     No. *12-CV-171*
)
LOWE'S HOME CENTERS, INC.    )
)     **JURY OF TWELVE DEMANDED**
      Defendant.        )
_____ )

## SUMMONS

To the above-named defendant:     Lowe's Home Centers, Inc.
                                  Corporation Service Company
                                  2908 Poston Avenue
                                  Nashville, TN 37203-1312

      You are hereby summoned and required to serve upon Mark N. Foster, Plaintiff's attorney, whose address is P.O. Box 192, Rockwood, TN 37854, an answer to the Complaint herewith served upon you within 30 days after service of this Summons and Complaint upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the Complaint.

      Issued and tested this ⅔/ day of September, 2012.

                                  _____
                                  Clerk

                                  _____
                                  ~~Deputy~~ Clerk

## NOTICE

*To the Defendant(s):*
*Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such*

*apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.*

# **RETURN**

I received this Summons on the _____ day of _____, 2012.

I hereby certify and return that on the _____ day of _____, 2012, I:

_____ served this Summons and Complaint on defendant _____ in the following manner:

_____
_____
_____

_____ failed to serve this Summons within 30 days after its issuance because: _____

_____
_____

_____

Process Server

# IN THE CIRCUIT COURT FOR ROANE COUNTY, TENNESSEE

JACKIE VOYLES, )
)
    Plaintiff, )
)
v. )    No. _____
)
LOWE'S HOME CENTERS, INC. )
)    **JURY OF TWELVE DEMANDED**
    Defendant. )
_____)

## COMPLAINT

Comes Plaintiff Jackie Voyles, by and through counsel, and, for her Complaint against Defendant Lowe's Home Centers, Inc. states as follows:

1.    Plaintiff is a citizen and resident of Roane County, Tennessee, and was employed by Defendant at its store located in Harriman, Tennessee for many years.

2.    Defendant Lowe's Home Centers, Inc. is a North Carolina corporation that operates a nationwide chain of home improvement stores, including a store located in Harriman, Tennessee. Upon information and belief, Defendant may be served by service on its registered agent, Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312.

3.    Plaintiff injured her knee while at work for Defendant. Plaintiff properly reported her on-the-job injury to Defendant.

4.    Plaintiff received nonsurgical treatment for her knee, but those treatments did not resolve the problem, and medical professionals determined that Plaintiff needed surgery, for which she would need to be off work for a period of several weeks.

5.    Despite her injury, Plaintiff was at all times able to perform her work for Defendant, with reasonable accommodations such as a stool to sit on while waiting on customers to arrive.

Filed KIM P. NELSON Time // :3 2 By D.C. 20/3

6.  Defendant was informed of Plaintiff's need for surgery and informed that Plaintiff's surgery had been scheduled for September 26, 2011.

7.  On September 23, 2011, Defendant terminated Plaintiff.

## COUNT I – VIOLATION OF THE TENNESSEE HANDICAP ACT

8.  Plaintiff was an employee of Defendant.

9.  Defendant perceived Plaintiff as handicapped, and, based on that perception, discriminated against Plaintiff by terminating her employment on September 23, 2011.

10. As a result of Defendant's acts of discriminating against Plaintiff on the basis of her perceived handicap, Plaintiff suffered lost wages and benefits, and suffered from humiliation, embarrassment, and mental anguish.

## COUNT II – COMMON LAW RETALIATORY DISCHARGE

11. Defendant's actions constitute a violation of T.C.A. § 8-50-103.

12. The allegations in the paragraphs above are incorporated herein.

13. Plaintiff was an employee of Defendant.

14. Plaintiff was discharged from the employ of Defendant on September 23, 2011.

15. The reason for Plaintiff's discharge was that Plaintiff attempted to exercise a statutory right to seek treatment under Tennessee's worker's compensation laws, a reason which violates a clear public policy evidenced by an unambiguous statutory, or regulatory provision.

16. A substantial factor in Defendant's decision to discharge Plaintiff was her exercise of protected rights or compliance with clear public policy.

17. Plaintiff was damaged by Defendant's actions, including suffering lost wages and benefits, and suffering from humiliation, embarrassment, and mental anguish.

18.     Defendant's retaliatory discharge of Plaintiff was intentional (i.e., Defendant knew that it was terminating Plaintiff for her exercise of protected rights or compliance with clear public policy and in violation of law), and, therefore, the Court should award punitive damages.

## COUNT III – VIOLATION OF T.C.A. § 50-1-304

19.     The allegations in the paragraphs above are incorporated herein.

20.     Plaintiff was an employee of Defendant.

21.     Plaintiff refused to remain silent about illegal activities, including but not limited to Defendant's interference with Plaintiff's statutory right to seek treatment under Tennessee's worker's compensation laws.

22.     Plaintiff was terminated on September 23, 2011 solely for refusing to remain silent about illegal activities.

23.     Defendant's action of terminating Plaintiff for refusing to remain silent about illegal activities violated T.C.A. § 50-1-304.

24.     Plaintiff was damaged by Defendant's actions, including suffering lost wages and benefits, and suffering from humiliation, embarrassment, and mental anguish.

Wherefore, Plaintiff prays that the Court:

A.     Issue process and bring the Defendant before the Court;

B.     Empanel a jury of twelve to try all issues so triable;

C.     Award Plaintiff a judgment for back pay and compensatory and punitive damages in an amount to be proven at trial and determined by the jury, not exceeding $300,000.00;

D.     Award Plaintiff her attorney's fees incurred in prosecuting this action to conclusion;

E.  Reinstate Plaintiff to employment with Defendant and enjoin Defendant from violating the Tennessee Handicap Act in its employment of Plaintiff;

F.  Tax the costs of the Court to Defendants; and

G.  Grant Plaintiff such other relief to which Plaintiff is entitled, or which the Court otherwise deems appropriate.

Respectfully Submitted,

_____

Mark N. Foster, BPR # 023626
P.O. Box 192
Rockwood, TN 37854
(865) 354-3333

## COST BOND

The undersigned stand as surety for plaintiff for the costs of the Court in the event such costs assessed against, and not paid by, the Plaintiff.

_____

Mark N. Foster

# IN THE CIRCUIT COURT FOR ROANE COUNTY, TENNESSEE

| | |
|---|---|
| JACKIE VOYLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. _12 - CV-171_ |
| ) | |
| LOWE'S HOME CENTERS, INC. ) | **JURY OF TWELVE DEMANDED** |
| ) | |
| Defendant. ) | |
| _____) | |

Filed Sept 21, 20/2 Time 10:50
KIM R. NELSON D.C.
BY: [signature]

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTIONS OF DOCUMENTS AND THINGS

Comes Plaintiff Jackie Voyles, by and through counsel, and propounds the following Interrogatories and Requests for Production of Documents and Things (collectively "Discovery Requests") to Defendant Lowe's Home Centers, Inc. in this matter. Each of these Discovery Requests incorporates the definitions and instructions included in the sections entitled "Definitions" and "Instructions" at the end of these Discovery Requests.

## INTERROGATORIES

1.     Identify each person who provided information used to respond to these Discovery Requests.

**RESPONSE:**


2.     Identify each person who has knowledge regarding the claims or defenses made in this case, including but not limited to the reasons asserted by Plaintiff and you for Plaintiff's termination. For each person, state (A) the knowledge such person possesses, (B) such person's current address, telephone number, job title, and employer, (C) whether such person was ever an employee of you, and, if so, the dates during which such person was an employee of you, and

(D) whether such person is currently unable to testify due to mental or physical illness or death, and, if so, the nature of such condition.

      **RESPONSE:**

      3.     Identify each person whose duties, in whole or part, at any time since January 1, 2010, included supervising Plaintiff or evaluating her performance of her required duties or responsibilities, and, for each such person, state the time period or periods during which such person's duties included supervising Plaintiff and the nature of such person's supervisory duties with respect to Plaintiff. Identify all documents constituting or relating to evaluations of Plaintiff during such period, including but not limited to drafts thereof.

      **RESPONSE:**

      4.     For each person named in your response to the immediately preceding Interrogatory (all of which are hereafter referred to collectively as the "Management Group"), state (A) such person's employers and job titles from January 1, 2010 to the present, (B) state whether you assert that such person (1) is a member of your governing board, (2) is an "officer or managerial agent or employee" of you as such phrase is used in Comment 7 to Tennessee Rule of Professional Conduct 4.2, and/or (3) "has authority to contractually obligate the

organization with respect to the matter or otherwise participates substantially in the determination of the organization's position in the matter" as such phrase is used in Comment 7 to Tennessee Rule of Professional Conduct 4.2, (C) state all facts and identify all documents which you contend support any affirmative response to part (B) of this Interrogatory, and (D) state whether such person is represented by his or her own counsel in this matter and, if so, identify such counsel.

**RESPONSE:**

5.     Has any member of the Management Group ever been the subject of any claim or allegation of handicap, racial or sexual discrimination, or of retaliation, including but not limited to any complaint or charge of discrimination or retaliation filed with the Tennessee Human Rights Agency or the Equal Employment Opportunity? If so, for each such claim, identify the name of the claimant, the member of the Management Group complained about, the substance of the complaint, and all documents constituting or relating to such complaint or charge of discrimination or of retaliation.

**RESPONSE:**

6.     Has any of the Management Group made any audio or audio-visual recording of

any conversation that such person has had with Plaintiff, or with any person relating in any way to Plaintiff's Complaint in this matter, the allegations made by Plaintiff therein, or your defenses thereto? If so, identify all such recordings and all policies or procedures relating to such recording.

      **RESPONSE:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

      Pursuant to Rule 34 of the Tennessee Rules of Civil Procedure, Plaintiff hereby requests that you state whether you will produce for inspection and copying the following documents and things at 3:00 p.m., Eastern Time on Friday, November 16, 2012 at the office of counsel for Plaintiff at 104 North Front Street in Rockwood, Tennessee (or by mailing true and accurate copies of all such documents, together with a certification that the documents so mailed are all of the responsive documents, to Mark N. Foster, P.O. Box 192, Rockwood, TN 37854 so as to be received on or before the day preceding such inspection date):

    1.     All documents identified in your responses to the Interrogatories above.

    2.     Your personnel file for Plaintiff.

    3.     All emails sent or received from January 1, 2010 between any member of the Management Group and any other person containing any of the following words:

          (A) Voyles

          (B) Jackie

          (C) knee

          (D) surgery

4.    All video recordings of the incident which you assert was the basis for your termination of Plaintiff.

5.    All policies from January 1, 2010 until the present regarding the type of documents to be maintained in your personnel files.

6.    All policies from January 1, 2010 until the present regarding the retention or destruction of any of any of the types of documents requested above.

## DEFINITIONS

1.    "Person(s)" means all individuals and entities, including, without limitation, individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, trusts, estates, authorities, and government or municipal entities.

2.    "You" means Defendant Lowe's Home Centers, Inc., and all attorneys, representatives, agents, and persons acting or purporting to act on its behalf.

3.    "Refer(s) to" or "relate(s) to" means to be in any way logically or factually connected with the matter stated in describing the document, including, but not limited to, referring to, relating to, sharing, describing, concerning, analyzing, reflecting, and constituting.

4.    "Document" means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limiting the generality of the foregoing, every writing or record of every type and description in your possession, custody or control, or in the possession, custody or control of your attorneys or agents, including, but not limited to, the original and each copy, regardless of origin and location, of any computer files; correspondence; letter; memorandum; invoice; bill; order form; receipt; financial statement; depreciation

schedule; appraisal; accounting entry; diary; calendar; travel calendar; telex; telegram; notes or sound recording of any type of personal or telephone conversation or of meetings or conferences; cable; report; record; study; analysis; report; results of investigation; review; contract; agreement; deed; financing statement; continuation statement; termination statement; loan inquiry or request; loan approval; loan commitment; list of inventory, equipment, materials, supplies, property or assets of any nature or type; statistical record; ledger; book of accounts; voucher; travel voucher; bank check (whether canceled or otherwise); invoice; computer data; stenographer notebook; desk calendar; appointment book; diary; expense account record; handwritten note; draft; working paper; chart; paper; print; drawing; sketch; index; list; tape; photograph; microfilm; data sheet or data processing card; or papers similar to any of the foregoing; or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody or control or which was, but is no longer in your possession, custody or control.

5.      The term "computer files" means all computer files and written, recorded, and graphic materials of every kind in your possession, custody or control and includes any medium upon which intelligence or information can be recorded or retrieved, electronic correspondence, and drafts of documents, copies of documents that are not identical duplicates of the originals, and copies of the documents the originals of which are not in your possession, custody or control. The term "computer files" includes, but is not limited to, information stored in, or accessible through, computer or other information retrieval systems. The term "computer files" includes documents that exist in machine-readable form, including documents stored in personal computers, portable computers, workstations, minicomputers, mainframes, servers, backup disks and tapes, archived disks and tapes, CD Rom, worm drives, DVD drives, and other forms of

offline storage, whether on or off your premises. Electronic mail messages should also be provided, even if only available on backup or archived tapes or disks. The computer files shall be printed and produced in hard copy or produced in machine-readable form, together with instructions and all other materials, means and devices necessary to use, gather, or interpret the data or format of the computer files.

6. "Identify" when used with respect to a written document or communication means:

(a) identify all documents (e.g., letters, memoranda, press release, written agreements, telegrams, etc.) that constitute, relate to or refer to such document or communication;

(b) identify each person who wrote, signed, dictated, otherwise participated in the preparation of the document or communication, or sent the document or communication to its intended recipient;

(c) state the date or dates each such person wrote, signed, dictated, otherwise participated in the preparation of the document or communication, or sent the document or communication to its intended recipient;

(d) identify each person, if any, who was an addressee or intended recipient of the document or communication, and, to the extent known, identify each person that was an unintended recipient of the document or communication;

(e) if it now exists, identify each person having custody of the document;

(f) state when and how it came to be in your possession or subject to your control; and,

(g)     state the substance of the information contained in the document or communication. If such document was, but no longer is, in your possession or subject to your control, state what disposition was made of it.

7.     "Identify" when used with respect to a person or persons means:

(a)     state the name, address(es), and telephone number(s) of such persons; and

(b)     note the name of the present employer(s) and job title, if any, of such person.

(c)     If such person is deceased, or dies during the pendency of this action, please state that fact and the date and location such person died.

8.     "Identify" when used with respect to an oral communication means:

(a)     state the date the oral communication occurred;

(b)     identify each person who participated in, or was present in person or by telephone during, the oral communication;

(c)     state the substance of the information communicated;

(d)     identify each document (including recordings) that refers to, relates to, or contains a recording of the oral communication. If such document was, but no longer is, in your possession or subject to your control, state what disposition was made of it.

## INSTRUCTIONS

1.     If any request is objected to for any reason, describe the legal or factual basis for the objection to each request in sufficient detail to permit the Court to decide the validity of the objection and identify all documents that refer or relate to the objection to the request.

2.     Any document that bears on any sheet or side any marks, including, without limitation, initials, stamped indicia, comments, or notations of any character and not a part of the

original text or any reproduction of the original text, shall be considered a separate document for purposes of the following Discovery Requests.

3. This set of Discovery Requests is made as a continuing request. Unless expressly stated in the Discovery Request, each Discovery Request, including any Discovery Request using the language "until the present" or similar language, is intended to embrace the period of time following the service of the Discovery Requests. If any person referred to in your responses as having knowledge subsequently passes away, cannot be located, or is otherwise unavailable, you should supplement your response to provide that information. If any document or information responsive to this set of Discovery Requests comes into the possession, custody, or control of you or your attorneys, at any time prior to or during the trial in this matter, such document or information should be promptly produced.

4. With respect to any document or information that is called for by these Discovery Requests and that is withheld upon a claim of privilege or immunity, state for each such document or information:

    (a)    the Discovery Request to which the document or information is otherwise responsive;

    (b)    its title or description and general subject matter;

    (c)    its date;

    (d)    its author;

    (e)    the person for whom it was prepared or to whom it was sent; the identity of every person who has seen the document; and

    (g)    the nature of the privilege or immunity claim.

Respectfully Submitted,

Mark N. Foster, BPR # 023626
P.O. Box 192
Rockwood, TN 37854
(865) 354-3333

JACKIE VOYLES,                    )
                                  )
        Plaintiff,                )
                                  )
v.                                )        No. _12 - CV-171_
                                  )
LOWE'S HOME CENTERS, INC.         )
                                  )        **JURY OF TWELVE DEMANDED**
        Defendant.                )
_____ )

*Filed Sept 21, 2012 20/2*
*KIM P. NELSON Time 10:52*
*BY: [signature] D.C.*

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTIONS OF DOCUMENTS AND THINGS

Comes Plaintiff Jackie Voyles, by and through counsel, and propounds the following Interrogatories and Requests for Production of Documents and Things (collectively "Discovery Requests") to Defendant Lowe's Home Centers, Inc. in this matter. Each of these Discovery Requests incorporates the definitions and instructions included in the sections entitled "Definitions" and "Instructions" at the end of these Discovery Requests.

### INTERROGATORIES

1.      Identify each person who provided information used to respond to these Discovery Requests.

**RESPONSE:**

2.      Identify each person who has knowledge regarding the claims or defenses made in this case, including but not limited to the reasons asserted by Plaintiff and you for Plaintiff's termination. For each person, state (A) the knowledge such person possesses, (B) such person's current address, telephone number, job title, and employer, (C) whether such person was ever an employee of you, and, if so, the dates during which such person was an employee of you, and

(D) whether such person is currently unable to testify due to mental or physical illness or death, and, if so, the nature of such condition.

      **RESPONSE:**

    3.    Identify each person whose duties, in whole or part, at any time since January 1, 2010, included supervising Plaintiff or evaluating her performance of her required duties or responsibilities, and, for each such person, state the time period or periods during which such person's duties included supervising Plaintiff and the nature of such person's supervisory duties with respect to Plaintiff. Identify all documents constituting or relating to evaluations of Plaintiff during such period, including but not limited to drafts thereof.

      **RESPONSE:**

    4.    For each person named in your response to the immediately preceding Interrogatory (all of which are hereafter referred to collectively as the "Management Group"), state (A) such person's employers and job titles from January 1, 2010 to the present, (B) state whether you assert that such person (1) is a member of your governing board, (2) is an "officer or managerial agent or employee" of you as such phrase is used in Comment 7 to Tennessee Rule of Professional Conduct 4.2, and/or (3) "has authority to contractually obligate the

organization with respect to the matter or otherwise participates substantially in the determination of the organization's position in the matter" as such phrase is used in Comment 7 to Tennessee Rule of Professional Conduct 4.2, (C) state all facts and identify all documents which you contend support any affirmative response to part (B) of this Interrogatory, and (D) state whether such person is represented by his or her own counsel in this matter and, if so, identify such counsel.

**RESPONSE:**

5.  Has any member of the Management Group ever been the subject of any claim or allegation of handicap, racial or sexual discrimination, or of retaliation, including but not limited to any complaint or charge of discrimination or retaliation filed with the Tennessee Human Rights Agency or the Equal Employment Opportunity? If so, for each such claim, identify the name of the claimant, the member of the Management Group complained about, the substance of the complaint, and all documents constituting or relating to such complaint or charge of discrimination or of retaliation.

**RESPONSE:**

6.  Has any of the Management Group made any audio or audio-visual recording of

any conversation that such person has had with Plaintiff, or with any person relating in any way to Plaintiff's Complaint in this matter, the allegations made by Plaintiff therein, or your defenses thereto? If so, identify all such recordings and all policies or procedures relating to such recording.

**RESPONSE:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rule 34 of the Tennessee Rules of Civil Procedure, Plaintiff hereby requests that you state whether you will produce for inspection and copying the following documents and things at 3:00 p.m., Eastern Time on Friday, November 16, 2012 at the office of counsel for Plaintiff at 104 North Front Street in Rockwood, Tennessee (or by mailing true and accurate copies of all such documents, together with a certification that the documents so mailed are all of the responsive documents, to Mark N. Foster, P.O. Box 192, Rockwood, TN 37854 so as to be received on or before the day preceding such inspection date):

1. All documents identified in your responses to the Interrogatories above.

2. Your personnel file for Plaintiff.

3. All emails sent or received from January 1, 2010 between any member of the Management Group and any other person containing any of the following words:

      (A) Voyles

      (B) Jackie

      (C) knee

      (D) surgery

4.     All video recordings of the incident which you assert was the basis for your termination of Plaintiff.

5.     All policies from January 1, 2010 until the present regarding the type of documents to be maintained in your personnel files.

6.     All policies from January 1, 2010 until the present regarding the retention or destruction of any of any of the types of documents requested above.

## DEFINITIONS

1.     "Person(s)" means all individuals and entities, including, without limitation, individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, trusts, estates, authorities, and government or municipal entities.

2.     "You" means Defendant Lowe's Home Centers, Inc., and all attorneys, representatives, agents, and persons acting or purporting to act on its behalf.

3.     "Refer(s) to" or "relate(s) to" means to be in any way logically or factually connected with the matter stated in describing the document, including, but not limited to, referring to, relating to, sharing, describing, concerning, analyzing, reflecting, and constituting.

4.     "Document" means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limiting the generality of the foregoing, every writing or record of every type and description in your possession, custody or control, or in the possession, custody or control of your attorneys or agents, including, but not limited to, the original and each copy, regardless of origin and location, of any computer files; correspondence; letter; memorandum; invoice; bill; order form; receipt; financial statement; depreciation

schedule; appraisal; accounting entry; diary; calendar; travel calendar; telex; telegram; notes or sound recording of any type of personal or telephone conversation or of meetings or conferences; cable; report; record; study; analysis; report; results of investigation; review; contract; agreement; deed; financing statement; continuation statement; termination statement; loan inquiry or request; loan approval; loan commitment; list of inventory, equipment, materials, supplies, property or assets of any nature or type; statistical record; ledger; book of accounts; voucher; travel voucher; bank check (whether canceled or otherwise); invoice; computer data; stenographer notebook; desk calendar; appointment book; diary; expense account record; handwritten note; draft; working paper; chart; paper; print; drawing; sketch; index; list; tape; photograph; microfilm; data sheet or data processing card; or papers similar to any of the foregoing; or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody or control or which was, but is no longer in your possession, custody or control.

      5.     The term "computer files" means all computer files and written, recorded, and graphic materials of every kind in your possession, custody or control and includes any medium upon which intelligence or information can be recorded or retrieved, electronic correspondence, and drafts of documents, copies of documents that are not identical duplicates of the originals, and copies of the documents the originals of which are not in your possession, custody or control. The term "computer files" includes, but is not limited to, information stored in, or accessible through, computer or other information retrieval systems. The term "computer files" includes documents that exist in machine-readable form, including documents stored in personal computers, portable computers, workstations, minicomputers, mainframes, servers, backup disks and tapes, archived disks and tapes, CD Rom, worm drives, DVD drives, and other forms of

offline storage, whether on or off your premises. Electronic mail messages should also be provided, even if only available on backup or archived tapes or disks. The computer files shall be printed and produced in hard copy or produced in machine-readable form, together with instructions and all other materials, means and devices necessary to use, gather, or interpret the data or format of the computer files.

      6.    "Identify" when used with respect to a written document or communication means:

      (a)    identify all documents (e.g., letters, memoranda, press release, written agreements, telegrams, etc.) that constitute, relate to or refer to such document or communication;

      (b)    identify each person who wrote, signed, dictated, otherwise participated in the preparation of the document or communication, or sent the document or communication to its intended recipient;

      (c)    state the date or dates each such person wrote, signed, dictated, otherwise participated in the preparation of the document or communication, or sent the document or communication to its intended recipient;

      (d)    identify each person, if any, who was an addressee or intended recipient of the document or communication, and, to the extent known, identify each person that was an unintended recipient of the document or communication;

      (e)    if it now exists, identify each person having custody of the document;

      (f)    state when and how it came to be in your possession or subject to your control; and,

(g)     state the substance of the information contained in the document or communication. If such document was, but no longer is, in your possession or subject to your control, state what disposition was made of it.

7.     "Identify" when used with respect to a person or persons means:

(a)     state the name, address(es), and telephone number(s) of such persons; and

(b)     note the name of the present employer(s) and job title, if any, of such person.

(c)     If such person is deceased, or dies during the pendency of this action, please state that fact and the date and location such person died.

8.     "Identify" when used with respect to an oral communication means:

(a)     state the date the oral communication occurred;

(b)     identify each person who participated in, or was present in person or by telephone during, the oral communication;

(c)     state the substance of the information communicated;

(d)     identify each document (including recordings) that refers to, relates to, or contains a recording of the oral communication. If such document was, but no longer is, in your possession or subject to your control, state what disposition was made of it.

## INSTRUCTIONS

1.     If any request is objected to for any reason, describe the legal or factual basis for the objection to each request in sufficient detail to permit the Court to decide the validity of the objection and identify all documents that refer or relate to the objection to the request.

2.     Any document that bears on any sheet or side any marks, including, without limitation, initials, stamped indicia, comments, or notations of any character and not a part of the

original text or any reproduction of the original text, shall be considered a separate document for purposes of the following Discovery Requests.

3.      This set of Discovery Requests is made as a continuing request. Unless expressly stated in the Discovery Request, each Discovery Request, including any Discovery Request using the language "until the present" or similar language, is intended to embrace the period of time following the service of the Discovery Requests. If any person referred to in your responses as having knowledge subsequently passes away, cannot be located, or is otherwise unavailable, you should supplement your response to provide that information. If any document or information responsive to this set of Discovery Requests comes into the possession, custody, or control of you or your attorneys, at any time prior to or during the trial in this matter, such document or information should be promptly produced.

4.      With respect to any document or information that is called for by these Discovery Requests and that is withheld upon a claim of privilege or immunity, state for each such document or information:

(a)      the Discovery Request to which the document or information is otherwise responsive;

(b)      its title or description and general subject matter;

(c)      its date;

(d)      its author;

(e)      the person for whom it was prepared or to whom it was sent; the identity of every person who has seen the document; and

(g)      the nature of the privilege or immunity claim.

Respectfully Submitted,

_____
Mark N. Foster, BPR # 023626
P.O. Box 192
Rockwood, TN 37854
(865) 354-3333

JACKIE VOYLES,           )
                         )
       Plaintiff,        )
                         )
v.                       )        No. _12 - CV-171_
                         )
LOWE'S HOME CENTERS, INC. )       **JURY OF TWELVE DEMANDED**
                         )
       Defendant.        )
_____)

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTIONS OF DOCUMENTS AND THINGS

Comes Plaintiff Jackie Voyles, by and through counsel, and propounds the following

Interrogatories and Requests for Production of Documents and Things (collectively "Discovery

Requests") to Defendant Lowe's Home Centers, Inc. in this matter. Each of these Discovery

Requests incorporates the definitions and instructions included in the sections entitled

"Definitions" and "Instructions" at the end of these Discovery Requests.

### INTERROGATORIES

1.    Identify each person who provided information used to respond to these

Discovery Requests.

    **RESPONSE:**


2.    Identify each person who has knowledge regarding the claims or defenses made in

this case, including but not limited to the reasons asserted by Plaintiff and you for Plaintiff's

termination. For each person, state (A) the knowledge such person possesses, (B) such person's

current address, telephone number, job title, and employer, (C) whether such person was ever an

employee of you, and, if so, the dates during which such person was an employee of you, and

Filed Sept 21, 20/2 Time 10:52
KIM R. NELSON     D.C.
BY Janah

(D) whether such person is currently unable to testify due to mental or physical illness or death, and, if so, the nature of such condition.

**RESPONSE:**

3.    Identify each person whose duties, in whole or part, at any time since January 1, 2010, included supervising Plaintiff or evaluating her performance of her required duties or responsibilities, and, for each such person, state the time period or periods during which such person's duties included supervising Plaintiff and the nature of such person's supervisory duties with respect to Plaintiff. Identify all documents constituting or relating to evaluations of Plaintiff during such period, including but not limited to drafts thereof.

**RESPONSE:**

4.    For each person named in your response to the immediately preceding Interrogatory (all of which are hereafter referred to collectively as the "Management Group"), state (A) such person's employers and job titles from January 1, 2010 to the present, (B) state whether you assert that such person (1) is a member of your governing board, (2) is an "officer or managerial agent or employee" of you as such phrase is used in Comment 7 to Tennessee Rule of Professional Conduct 4.2, and/or (3) "has authority to contractually obligate the

organization with respect to the matter or otherwise participates substantially in the determination of the organization's position in the matter" as such phrase is used in Comment 7 to Tennessee Rule of Professional Conduct 4.2, (C) state all facts and identify all documents which you contend support any affirmative response to part (B) of this Interrogatory, and (D) state whether such person is represented by his or her own counsel in this matter and, if so, identify such counsel.

**RESPONSE:**

5.     Has any member of the Management Group ever been the subject of any claim or allegation of handicap, racial or sexual discrimination, or of retaliation, including but not limited to any complaint or charge of discrimination or retaliation filed with the Tennessee Human Rights Agency or the Equal Employment Opportunity? If so, for each such claim, identify the name of the claimant, the member of the Management Group complained about, the substance of the complaint, and all documents constituting or relating to such complaint or charge of discrimination or of retaliation.

**RESPONSE:**

6.     Has any of the Management Group made any audio or audio-visual recording of

any conversation that such person has had with Plaintiff, or with any person relating in any way to Plaintiff's Complaint in this matter, the allegations made by Plaintiff therein, or your defenses thereto? If so, identify all such recordings and all policies or procedures relating to such recording.

**RESPONSE:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rule 34 of the Tennessee Rules of Civil Procedure, Plaintiff hereby requests that you state whether you will produce for inspection and copying the following documents and things at 3:00 p.m., Eastern Time on Friday, November 16, 2012 at the office of counsel for Plaintiff at 104 North Front Street in Rockwood, Tennessee (or by mailing true and accurate copies of all such documents, together with a certification that the documents so mailed are all of the responsive documents, to Mark N. Foster, P.O. Box 192, Rockwood, TN 37854 so as to be received on or before the day preceding such inspection date):

1. All documents identified in your responses to the Interrogatories above.

2. Your personnel file for Plaintiff.

3. All emails sent or received from January 1, 2010 between any member of the Management Group and any other person containing any of the following words:

      (A) Voyles

      (B) Jackie

      (C) knee

      (D) surgery

4.    All video recordings of the incident which you assert was the basis for your termination of Plaintiff.

5.    All policies from January 1, 2010 until the present regarding the type of documents to be maintained in your personnel files.

6.    All policies from January 1, 2010 until the present regarding the retention or destruction of any of any of the types of documents requested above.


## DEFINITIONS

1.    "Person(s)" means all individuals and entities, including, without limitation, individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, trusts, estates, authorities, and government or municipal entities.

2.    "You" means Defendant Lowe's Home Centers, Inc., and all attorneys, representatives, agents, and persons acting or purporting to act on its behalf.

3.    "Refer(s) to" or "relate(s) to" means to be in any way logically or factually connected with the matter stated in describing the document, including, but not limited to, referring to, relating to, sharing, describing, concerning, analyzing, reflecting, and constituting.

4.    "Document" means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limiting the generality of the foregoing, every writing or record of every type and description in your possession, custody or control, or in the possession, custody or control of your attorneys or agents, including, but not limited to, the original and each copy, regardless of origin and location, of any computer files; correspondence; letter; memorandum; invoice; bill; order form; receipt; financial statement; depreciation

schedule; appraisal; accounting entry; diary; calendar; travel calendar; telex; telegram; notes or sound recording of any type of personal or telephone conversation or of meetings or conferences; cable; report; record; study; analysis; report; results of investigation; review; contract; agreement; deed; financing statement; continuation statement; termination statement; loan inquiry or request; loan approval; loan commitment; list of inventory, equipment, materials, supplies, property or assets of any nature or type; statistical record; ledger; book of accounts; voucher; travel voucher; bank check (whether canceled or otherwise); invoice; computer data; stenographer notebook; desk calendar; appointment book; diary; expense account record; handwritten note; draft; working paper; chart; paper; print; drawing; sketch; index; list; tape; photograph; microfilm; data sheet or data processing card; or papers similar to any of the foregoing; or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody or control or which was, but is no longer in your possession, custody or control.

5. The term "computer files" means all computer files and written, recorded, and graphic materials of every kind in your possession, custody or control and includes any medium upon which intelligence or information can be recorded or retrieved, electronic correspondence, and drafts of documents, copies of documents that are not identical duplicates of the originals, and copies of the documents the originals of which are not in your possession, custody or control. The term "computer files" includes, but is not limited to, information stored in, or accessible through, computer or other information retrieval systems. The term "computer files" includes documents that exist in machine-readable form, including documents stored in personal computers, portable computers, workstations, minicomputers, mainframes, servers, backup disks and tapes, archived disks and tapes, CD Rom, worm drives, DVD drives, and other forms of

offline storage, whether on or off your premises. Electronic mail messages should also be provided, even if only available on backup or archived tapes or disks. The computer files shall be printed and produced in hard copy or produced in machine-readable form, together with instructions and all other materials, means and devices necessary to use, gather, or interpret the data or format of the computer files.

      6.    "Identify" when used with respect to a written document or communication means:

      (a)    identify all documents (e.g., letters, memoranda, press release, written agreements, telegrams, etc.) that constitute, relate to or refer to such document or communication;

      (b)    identify each person who wrote, signed, dictated, otherwise participated in the preparation of the document or communication, or sent the document or communication to its intended recipient;

      (c)    state the date or dates each such person wrote, signed, dictated, otherwise participated in the preparation of the document or communication, or sent the document or communication to its intended recipient;

      (d)    identify each person, if any, who was an addressee or intended recipient of the document or communication, and, to the extent known, identify each person that was an unintended recipient of the document or communication;

      (e)    if it now exists, identify each person having custody of the document;

      (f)    state when and how it came to be in your possession or subject to your control; and,

(g)     state the substance of the information contained in the document or communication. If such document was, but no longer is, in your possession or subject to your control, state what disposition was made of it.

7.     "Identify" when used with respect to a person or persons means:

(a)     state the name, address(es), and telephone number(s) of such persons; and

(b)     note the name of the present employer(s) and job title, if any, of such person.

(c)     If such person is deceased, or dies during the pendency of this action, please state that fact and the date and location such person died.

8.     "Identify" when used with respect to an oral communication means:

(a)     state the date the oral communication occurred;

(b)     identify each person who participated in, or was present in person or by telephone during, the oral communication;

(c)     state the substance of the information communicated;

(d)     identify each document (including recordings) that refers to, relates to, or contains a recording of the oral communication. If such document was, but no longer is, in your possession or subject to your control, state what disposition was made of it.

## INSTRUCTIONS

1.     If any request is objected to for any reason, describe the legal or factual basis for the objection to each request in sufficient detail to permit the Court to decide the validity of the objection and identify all documents that refer or relate to the objection to the request.

2.     Any document that bears on any sheet or side any marks, including, without limitation, initials, stamped indicia, comments, or notations of any character and not a part of the

original text or any reproduction of the original text, shall be considered a separate document for purposes of the following Discovery Requests.

3.      This set of Discovery Requests is made as a continuing request. Unless expressly stated in the Discovery Request, each Discovery Request, including any Discovery Request using the language "until the present" or similar language, is intended to embrace the period of time following the service of the Discovery Requests. If any person referred to in your responses as having knowledge subsequently passes away, cannot be located, or is otherwise unavailable, you should supplement your response to provide that information. If any document or information responsive to this set of Discovery Requests comes into the possession, custody, or control of you or your attorneys, at any time prior to or during the trial in this matter, such document or information should be promptly produced.

4.      With respect to any document or information that is called for by these Discovery Requests and that is withheld upon a claim of privilege or immunity, state for each such document or information:

(a)     the Discovery Request to which the document or information is otherwise responsive;

(b)     its title or description and general subject matter;

(c)     its date;

(d)     its author;

(e)     the person for whom it was prepared or to whom it was sent; the identity of every person who has seen the document; and

(g)     the nature of the privilege or immunity claim.

Respectfully Submitted,

Mark N. Foster, BPR # 023626
P.O. Box 192
Rockwood, TN 37854
(865) 354-3333